ROBERTS, J.,
specially concurring:
¶ 16. While I agree with the majority’s reasoning and resolution of the issues in this case, I write separately in an attempt to persuade those on the trial bench to be more deliberate and exact when drafting sentencing orders of their court. As stated by the majority, Caviness was charged with two counts of robbery and two counts of armed robbery over three separate indictments. He ultimately pled guilty to three counts of simple robbery and one count of armed robbery, and the sentences he received for all four charges were contained in one sentencing order. Specifically, Caviness was sentenced to ten years on each robbery conviction and ten years on the armed robbery conviction. The order specified that the three ten-year sentences for robbery were to be served concurrently to one another and consecutive to the ten-year sentence for armed robbery. Further, the trial court suspended thirteen years leaving seven to serve. Finally, the trial court ordered Caviness to serve three years of post-release supervision (PRS) upon discharge from his initial seven-year term of imprisonment.
¶ 17. The familiar adage, “bad facts make bad law,” can be equally applied to the review of unclear sentencing orders from a court. Rule 7.07 of the Uniform Rules of Circuit and County Court requires that a trial court impose separate sentences upon a defendant for each conviction stemming from a multi-count indictment. URCCC 7.07(D).[1] At least one reason for this is to avoid confusion and ambiguity surrounding obligations of imprisonment and supervision that convicted defendants receive — the effects of which *921 can plague the defendant and the legal system for years to come.
¶ 18. One example of the confusion that can occur soon after the defendant receives the sentence is when the Mississippi Department of Corrections (MDOC) is required to decipher the trial court’s order. Using the sentence in the instant case as an example, because all four sentences were lumped into one order, it is not completely clear which ten-year sentence was totally suspended — the three concurrent sentences for robbery or the sentence for armed robbery. The import of the distinction in this case is that the ten-year sentence for armed robbery prohibits parole eligibility, earned time, and other administrative reductions. See Miss.Code Ann. §§ 47-7-8(l)(d)(I) (Rev.2004); 47-5-139(l)(e) (Rev.2004). Thus, officials at the MDOC must decide which sentence is suspended, which sentence to apply credit to for time served in accordance with Mississippi Code Annotated section 99-19-23 (Rev.2007) and, by extension, ultimately decide which sentence Caviness would serve if he violated the conditions of his PRS.
¶ 19. Another example could occur later in the life of a defendant’s sentence when the defendant files a motion for post-conviction collateral relief (PCR) pursuant to Mississippi Code Annotated sections 99-39-1 to -29 (Rev.2007). Section 99-39-9(2) states that a defendant’s motion for PCR may only seek relief from one judgment. While the instant case involves only one sentencing order, it contains four separate sentences based upon four separate guilty pleas. Such a situation could have easily led to a motion for PCR containing issues surrounding the voluntariness of each plea and legality of each sentence. Depending on the specific facts of a similarly situated case, and the interpretation afforded to them, a motion for PCR involving all pleas and sentences could be deemed a violation of section 99-39-9(2) and dismissed. Thus, such a determination could potentially strip a defendant of his final right of redress.
¶ 20. As I stated above, my intention in writing separately is to remind trial judges of the lasting effect of their sentencing orders and of the necessity to “get it right” the first time. Because the record in this case is adequate for me to conclude that Caviness’s sentencing order was correctly interpreted by the MDOC as three concurrent ten-year sentences for simple robbery, with three years suspended, and one consecutive ten-year sentence for armed robbery, with the entirety of the sentence suspended, I concur with the majority. Obviously, continued suspension of the simple robbery sentences, as well as the consecutive armed robbery sentence, were contingent on Caviness’s obedience to the conditions of his PRS. Regrettably for Ca-viness, he was unable or unwilling to obey those conditions. With the assistance of counsel, he admitted such before the trial judge.

. One of Caviness's indictments was multi-count.